IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW A. THOMPSON, | ) | CASE NO. 1:26-CV-00652 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| LISA I. SWENSKI, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendants. | ) | **ORDER** |

## I.      INTRODUCTION

*Pro se* Plaintiff Matthew Thompson has filed a civil rights action under 42 U.S.C. § 1983 related to his divorce and child custody proceedings.  (ECF No. 1).  The complaint stems from proceedings in the Lorain County Domestic Relations Court concerning Plaintiff's parental rights. Since the Court lacks subject-matter over this action, Plaintiff's complaint is **DISMISSED**.

## II.      STANDARD OF REVIEW

Courts should construe *pro se* complaints liberally and hold *pro se* plaintiffs to a less strict standard than plaintiffs represented by counsel.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  That said, federal courts are courts of limited jurisdiction; they exercise only the power authorized by Constitution and Congress.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

For this reason, the Federal Rules of Civil Procedure mandate that, if a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action" *sua sponte*. Fed. R. Civ. P. 12(h)(3); *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025).  Generally, a district court should "not *sua sponte* dismiss a complaint

1

where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). But a district court may dismiss any complaint, including a fee-paid complaint, without notice to the plaintiff if "the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.*; *see Noble v. Sapp*, 198 F.3d 246 (Table), at *2 (6th Cir. 1999) (explaining that the district court need not give "unambiguous notice of its own motion to dismiss" when dismissing the complaint pursuant to *Apple v. Glenn*) (quoting *Tingler v. Marshall*, 716 F.2d 1109, 111–12 (6th Cir. 1983)).

## III. DISCUSSION

The Court lacks subject-matter jurisdiction in this case for myriad reasons. First, Plaintiff's claims are barred because federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, . . . federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth*, 76 F. App'x at 616 (internal citation omitted). Plaintiff cannot evade the exception by "artfully cast[ing] a suit seeking to modify or interpret the terms of a divorce, alimony, or child-custody decree as a state-law contract or tort claim in order to access federal courts." *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 795–96 (6th Cir. 2015).

Here, although Plaintiff alleges due process and other constitutional violations, the core concern in Plaintiff's complaint is domestic relations. *See, e.g.*, *Partridge v. Ohio*, 79 F. App'x

844, 845 (6th Cir. 2003) ("While [the plaintiff] attempts to assert civil rights claims, he essentially raises domestic relations issues by challenging Ohio court child custody and divorce decisions and by seeking relief in the form of shared custody of his children.").  Even though he seeks monetary damages and declaratory relief, Plaintiff primarily seeks to restrict the state court's authority and the enforceability of its orders.  This Court lacks jurisdiction to hear such a case or grant such relief.  *See Edelstein v. Flottman*, No. 24-3156, 2025 U.S. App. LEXIS 570, at *6 (6th Cir. Jan. 10, 2025) (affirming the district court's dismissal when the plaintiffs "couched their claims . . . in terms of constitutional violations" but "the substance of the claims revolves around the state courts' decisions in the domestic-relations proceedings as they relate to [child] custody and [child] visitation rights"); *Sefa v. Kentucky*, 510 F. App'x 435, 437–38 (6th Cir. 2013) ("[T]o the extent [Plaintiff] seeks a declaration that the state's child-custody determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims constitute collateral attacks on the state court judgments terminating . . . parental rights and were properly excluded from consideration by the district court.") (internal quotation marks and citations omitted).

Plaintiff's claims are also barred by the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to review final judgments, as well as interlocutory orders, from state courts.  *See Kovacic v. Cuyahoga Cnty. Dep't of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010); *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021); *see also Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (explaining that the *Rooker-Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision") (internal quotation marks omitted).  "[A] federal court lacks jurisdiction to review a case litigated and decided in state court,

3

as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19-cv-192, 2021 U.S. Dist. LEXIS 104359, at \*5 (W.D. Ky. June 3, 2021); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) ("A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States."). Federal courts may raise the issue of abstention *sua sponte. See O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008) (holding that "abstention may be raised by the court *sua sponte*"); *see also Louisville Country Club v. Watts*, Nos. 97-5758 and 97-5829, 1999 U.S. App. LEXIS 7828, \*7 (6th Cir. Apr. 16, 1999).

Based on the complaint, the Court cannot ascertain whether a final judgment has been entered in the underlying state court proceedings. That said, the Sixth Circuit has held that *Rooker-Feldman* abstention does not require a state court judgment to have been finalized after the exhaustion of all appeal rights. *See RLR Invs., LLC*, 4 F.4th at 393–96; *see also T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 353–54 (4th Cir. 2025) (adopting the same approach); *Parker Law Firm v. Travelers Indem. Co.*, 985 F.3d 579, 584 (8th Cir. 2021) ("Even so, that an appeal is pending in the New York state courts does not mean that a federal district court has jurisdiction to consider a parallel appeal. This court, like other circuits, has concluded that *Rooker-Feldman* applies to state court judgments that are not yet final.").

Regardless, the *Younger*[1] abstention doctrine would also apply. "*Younger* abstention requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

4

that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013).  The doctrine is designed to prevent federal courts from interfering with the functions of state courts in order to preserve the principles equity and comity.  *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017).  To the extent that the underlying state court action is pending, the Court finds that all three factors supporting *Younger* abstention are present.  Whether the state court proceedings are final or ongoing, the Court finds that this action is "essentially an impermissible appeal of the state court judgment as it raises specific grievances regarding decisions of Ohio's domestic relations courts."  *See Partridge*, 79 F. App'x at 845–46.  Thus, the Court lacks jurisdiction over this action.

## IV.  CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to Fed. R. Civ. R. 12(h) and *Apple v. Glenn*.

**IT IS SO ORDERED.**

Date: March 24, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**